# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL K. SCOTT, | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civil No. 4:15-00253-CV-W-DGK |
| | ) | Crim. No. 4:10-00027-CR-W-DGK |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

### ORDER DENYING MOTION FOR POSTCONVICTION RELIEF AND CERTIFICATE OF APPEALABILITY

This case arises out of Movant Michael Scott's convictions for bank robbery and firearm offenses. Pending before the Court is Movant's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" (Civ. Doc. 1).[1]

Finding Movant's arguments are without merit and an evidentiary hearing is unnecessary, the Court denies the motion and declines to issue a certificate of appealability.

### Factual Background and Procedural History

From September 2, 2008, to January 27, 2010, Movant and two accomplices robbed several banks in the greater Kansas City area. Movant was eventually arrested and indicted for seven federal offenses, including robbing banks that were insured by the Federal Deposit Insurance Corporation ("FDIC"), a violation of 18 U.S.C. § 2113(a), (d). Count Five, the only charge at issue here, alleged that Movant robbed Commerce Bank in Parkville, Missouri (Crim. Doc. 13 at 5). To convict on this charge, the Government had to prove, among other elements, that Commerce Bank was FDIC-insured when it was robbed. *See* 18 U.S.C. § 2113(f).

---

[1] Throughout the opinion, references to civil case documents will be "Civ. Doc.__" while references to criminal case documents will be "Crim. Doc.__."

The case proceeded to trial. Jessica Lynn Kitzmann ("Kitzmann"), the branch manager of the Parkville Commerce Bank, testified about its FDIC-insured status. The Government counsel asked Kitzmann whether Commerce Bank was FDIC-insured at the time of the robbery, to which she responded, "Yes" (Crim. Doc. 256 at 193). During this same questioning, the Government attempted to introduce a certificate corroborating Commerce Bank's FDIC-insured status (*Id.* at 195). Movant's trial counsel ("Counsel") objected, arguing that the certificate was not relevant since it postdated the robbery, and thus, did not prove the bank's insured status at the time of the robbery (*Id.*). The Court sustained the objection (*Id.*). But Kitzmann also testified that Commerce Bank had another certificate that showed the date upon which the bank first became federally insured (*Id.*). This certificate was not introduced into evidence (*Id.*).

After the Court sent the jury to deliberate, it mentioned that although Counsel had not filed a motion for judgment of acquittal, the Court would have denied any such motion because there was sufficient evidence to submit all of the charges to the jury (Crim. Doc. 258 at 63). The jury found Movant guilty of five of the seven charges, including robbery of Commerce Bank (Crim. Doc. 222 at 1-2).

The Court sentenced Scott to consecutive terms of 115 months' imprisonment and life imprisonment (Crim. Doc. 246 at 1). Scott appealed to the Eighth Circuit, which affirmed his conviction and sentence. *See United States v. Scott*, 732 F.3d 910, 919 (8th Cir. 2013). Scott filed a petition for a writ of certiorari with United States Supreme Court, but it denied his request. Scott then timely filed this motion.

**Standard**

Under 28 U.S.C. § 2255, the district court may "vacate, set aside or correct [a] sentence" that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. §

2255(a).  The movant is entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  *Id.* § 2255(b).

## Discussion

### I. All of Movant's ineffective assistance of counsel claims lack merit.

Movant raises several claims of ineffective assistance of counsel.  To succeed on such a theory, he must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense."  *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)).  Judicial review of trial counsel's performance is highly deferential, "indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment."  *Middleton v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006) (internal quotation marks omitted).  To establish prejudice, Movant must show that had Counsel not performed deficiently, there is a reasonable probability the outcome would have been different.  *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000).  With these standards in mind, the Court turns to Movant's discrete arguments.

#### A. Counsel was not constitutionally ineffective for failing to object to Kitzmann's personal knowledge about Commerce Bank's FDIC-insured status.

Movant claims that Kitzmann did not have personal knowledge of the FDIC-insured status because she testified that she had no knowledge of why the Government's proffered certificate postdated the robbery.  According to Movant, this lack of information about the certificate shows that Kitzmann lacked *any* personal knowledge about Commerce Bank's FDIC-insured status, and thus, Counsel was ineffective for not objecting to her testimony on this basis.

3

This argument misses the mark.  Although Kitzmann acknowledged her ignorance about why the certificate postdated the robbery, she unequivocally testified that Commerce Bank *was* FDIC-insured at the time of the robbery and that it possessed certificates showing such. Kitzmann based this testimony on her personal knowledge.  She testified that at the time of trial she was the branch manager and handled the bank's day-to-day operations.  While the Government's counsel did not directly ask Kitzmann whether she was the manager at the time of robbery, other testimony from her subordinates indicated that to be the case.  For instance, Commerce Bank employee Michael Robinson testified that Kitzmann was his manager at the time of the robbery (Crim. Doc. 256 at 198, 200).

Cumulatively, this evidence supports a finding that Kitzmann had the opportunity to observe whether Commerce Bank was federally insured at the time of the robbery.  *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *United States v. Lyons*, 567 F.2d 777, 784 (8th Cir. 1977) ("[Federal Rule of Evidence 602 only] excludes testimony concerning matter the witness did not observe or had no opportunity to observe."); *cf. United States v. Lewis*, 260 F.3d 855, 855 (8th Cir. 2001) (holding that testimony from the bank branch manager was sufficient to satisfy the FDIC-insured element).  Thus, the Court would have overruled any objection to Kitzmann's personal knowledge of the FDIC-insured status, notwithstanding her lack of knowledge about the date on the excluded insurance certificate. Since any objection would have been futile, Counsel did not perform deficiently by failing to object.  *Houston v. Lockhart*, 982 F.2d 1246, 1249 (8th Cir. 1993) (holding that counsel did not perform deficiently by failing to raise a futile objection).

Because Counsel did not perform deficiently by failing to object to Kitzmann's personal knowledge, this ground is DENIED.

4

### B. Counsel was not deficient for failing to cross-examine Kitzmann on her personal knowledge of the bank's insured status.

Derivative of the preceding claim, Movant contends that Counsel was ineffective for failing to cross-examine Kitzmann on her personal knowledge of the FDIC-insured status.

The Court disagrees. Counsel's performance epitomizes the strategic decision-making that is immunized from a *Strickland* attack. Counsel objected to the proffered certificate, thereby garnering exclusion of the only tangible evidence on the insurance issue. With this evidence excluded, it was reasonable for Counsel *not* to cross-examine Kitzmann because he had little to gain but much to lose. Despite her equivocation about the dating of the certificate, Kitzmann had testified that Commerce Bank was federally insured at the time of the robbery. Had Counsel cross-examined Kitzmann further on this issue, he could have risked alienating the jury by appearing to argue with a perceived victim. More importantly, pushing the issue further on cross-examination could have resulted in the Government bolstering Kitzmann's personal knowledge on re-direct examination or introducing the actual certificate that showed Commerce Bank's insured status. This would have solidified the proof on this element. Rather than travel down this thorny path, Counsel stood pat with his partial victory: exclusion of the only tangible evidence on the issue. And he did not perform deficiently by doing so. *See United States v. Orr*, 636 F.3d 944, 952 (8th Cir. 2011) (noting that cross-examination techniques generally constitute protected trial strategy); *see also Harrington v. Richter*, 562 U.S. 86, 110 (2011) ("Although courts may not indulge in '*post hoc* rationalization' for counsel's decisionmaking that contradicts the available evidence of counsel's actions, neither may they insist that counsel confirm every aspect of the strategic basis for his or her actions." (internal citation omitted)).

Because Counsel did not perform deficiently by failing to cross-examine Kitzmann on her personal knowledge of the bank's insured status, this claim is DENIED.

5

### C. No prejudice flowed from the lack of a motion for judgment of acquittal.

Movant finally contends that Counsel was ineffective for not moving for a judgment of acquittal based on the inadequacy of the FDIC-insured status evidence for Count Five.

Even assuming that Counsel performed deficiently by not filing a motion for a judgment of acquittal either before the end of trial or within fourteen days of the guilty verdict, *see* Fed. R. Crim. P. 29(a), (c), Movant suffered no prejudice from this failure. Here, the prejudice hurdle requires Movant to demonstrate that there is a reasonable probability that had Counsel moved for judgment of acquittal, the Court would have granted the motion. *See DeRoo*, 223 F.3d at 925. But the record directly refutes this possibility because the Court stated that it would have denied any such motion. This is especially true of Count Five because Kitzmann's testimony was sufficient to prove the FDIC-insured element. *See United States v. Pickar*, 616 F.3d 821, 825 (8th Cir. 2010) (holding that the testimony of a bank branch manager was sufficient to prove the FDIC-insured element). Since a motion for judgment of acquittal on Count Five would have been denied, Movant was not prejudiced by Counsel's failure to file such a motion.

Movant also argues that "trial counsel" should have challenged the "sufficiency of the evidence" on this same issue (Civ. Doc. 1 at 4). But this ground is necessarily subsumed within his preceding argument because judgment of acquittal is the mechanism through which a trial attorney challenges the sufficiency of the evidence. Even assuming that Movant is challenging his *appellate* counsel's failure to raise sufficiency of the evidence argument, his counsel did not perform deficiently by not raising this weak argument. *See New v. United States*, 652 F.3d 949, 952 (8th Cir. 2011) ("New's appellate counsel did not act deficiently by failing to include a weak challenge to the sufficiency of the evidence among the seven other claims he raised on direct appeal."); *Lewis*, 260 F.3d at 855 (finding bank manager's testimony sufficient).

For these reasons, this ground for relief is DENIED.

6

## II. No evidentiary hearing is required.

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003). As shown above, Movant's claims are either contradicted by the record, or if accepted as true, they would not entitle him to relief. Thus, no evidentiary hearing will be held.

## III. No certificate of appealability shall be issued.

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This requires the movant to demonstrate "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 464 U.S. 800, 893 n.4 (1983)). In the present case, the Court holds no reasonable jurist would grant this § 2255 motion, and so the Court declines to issue a certificate of appealability.

## Conclusion

For the foregoing reasons, the motion (Civ. Doc. 1) is DENIED and no certificate of appealability shall be issued.

**IT IS SO ORDERED.**

Date:   August 5, 2015               /s/ Greg Kays
                                     GREG KAYS, CHIEF JUDGE
                                     UNITED STATES DISTRICT COURT